# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 20-320V**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*
|  |  |
|---|---|
| | \* |
| PAUL HAGENSWOLD, | \* |
| | \* |
| | \* |
| | \* |
| Petitioner, | \* |
| | \* |
| v. | \* |
| | \* |
| | \* |
| SECRETARY OF HEALTH AND | \* |
| HUMAN SERVICES, | \* |
| | \* |
| | \* |
| Respondent. | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Special Master Jennifer A. Shah

Filed: March 24, 2026

*David J. Carney*, Green & Schafle, LLC, Philadelphia, PA, for Petitioner.
*Elizabeth A. Andary*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On March 23, 2020, Paul Hagenswold ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10, *et seq*.[2] (the "Vaccine Act" or "Program"), alleging that he developed Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccination he received on September 13, 2018. ECF No. 1 ("Pet.") at 1-2.

After filing the petition, Petitioner filed an affidavit and several medical records. Exs. P1-14. On December 7, 2020, Respondent filed a Rule 4(c) Report, contending that entitlement to compensation should be denied. ECF No. 24. Thereafter, the parties filed several rounds of expert

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

reports and medical literature, and Petitioner filed additional medical records and another affidavit. *See* Exs. P15-21; Exs. A-C. The parties participated in settlement conference proceedings but were unable to reach a resolution. ECF. No. 44-49.

This case was reassigned to me on August 14, 2024. ECF. No. 52. On February 28, 2025, Petitioner filed a motion for a ruling on the record; Respondent filed a response to Petitioner's motion on April 28, 2025; and Petitioner filed a reply brief on May 16, 2025. ECF Nos. 54-56.

On November 12, 2025, Petitioner filed an application for interim attorneys' fees and costs, requesting a total of $120,469.39, comprised of $104,876.00 for attorneys' fees and $15,593.39 for attorneys' costs. ECF No. 58 ("Fees App.") at 3. This is Petitioner's first motion for interim fees and costs. Petitioner has not incurred any personal costs. Fees App. at 3; Fees App., Ex. C. Respondent filed a response on November 25, 2025, deferring to me as to whether Petitioner has met the legal standard for an award of interim attorneys' fees and costs. ECF No. 59 ("Fees Resp.") at 2. Petitioner did not file a reply brief.

I hereby **GRANT IN PART** Petitioner's application and award a total of **$109,981.79** in interim attorneys' fees and costs.

## I.    Legal Standard

### A.  Interim Attorneys' Fees and Costs

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act. *Shaw v. Sec'y of Health & Hum. Servs.,* 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343 (Fed. Cir. 2008). In *Cloer*, the Federal Circuit noted that "Congress [has] made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Hum. Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352. Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. *Avera* did not, however, define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion. *See Avera*, 515 F.3d at 1352; *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Hum. Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013). Special masters have viewed the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- as factors to consider in a flexible balancing test. *Avera*, 515 F.3d at 1352; *see Al-Uffi v. Sec'y of Health & Hum. Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sep. 30, 2015).

The undue hardship inquiry looks at more than just the financial involvement of a petitioner; it also considers the expenditures of counsel. *Kirk*, 2009 WL 775396, at *2. Referring

2

to *Avera*, former Chief Special Master Golkiewicz in *Kirk* found that "the general principle underlying an award of interim fees [is] clear: avoid working a substantial financial hardship on petitioners and their counsel." *Id*.

## B. Good Faith

A petitioner is eligible for an interim award of reasonable attorneys' fees and costs only if the special master finds that the petition was brought in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods v. Sec'y of Health & Hum. Servs*, 105 Fed. Cl. 148, 154 (2012); *Friedman v. Sec'y of Health & Hum. Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Hum. Servs.*, 89 Fed. Cl. 661, 668 (2009); *Bear*, 2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Hum. Servs.*, No. 97-588V, 2012 WL 1450520, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Hum. Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). It "focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Hum. Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as Petitioner had an honest belief that his claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Hum. Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

## C. Reasonable Basis

Unlike the good faith inquiry, an analysis of reasonable basis requires more than just Petitioner's belief in his claim. *Turner*, 2007 WL 4410030, at *6-7. Instead, the claim must be supported by objective evidence -- medical records or medical opinion. *Sharp-Rountree v. Sec'y of Health & Hum. Servs.*, No. 14-804V, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015).

Although the statute does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis . . ." *Id.* at 286. The Court in *Chuisano* found that a petition that relies on temporal proximity and a petitioner's affidavit is not sufficient to establish reasonable basis. *Id.* at 290; *see also Turpin v. Sec'y Health & Hum. Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y Health & Hum. Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney). The Federal Circuit has affirmed that "more than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Cottingham v. Sec'y of Health & Hum. Servs.*, No. 2019-1596, 971 F.3d 1337, 1346 (Fed. Cir. 2020) (finding Petitioner submitted objective evidence supporting causation when she submitted medical records

3

and a vaccine package insert); *see also James-Cornelius v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1380 (Fed. Cir. 2021) (finding that "the lack of an express medical opinion on causation did not by itself negate the claim's reasonable basis").

"[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Hum. Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018). Special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). Special masters and judges of the Court of Federal Claims have interpreted this provision to mean that petitioners must submit medical records or expert medical opinion in support of causation-in-fact claims. *See Waterman v. Sec'y of Health & Hum. Servs.,* 123 Fed. Cl. 564, 574 (2015) (citing *Dickerson v. Sec'y of Health & Hum. Servs.*, 35 Fed. Cl. 593, 599 (1996) (stating that medical opinion evidence is required to support an on-Table theory where medical records fail to establish a Table injury)).

When determining if a reasonable basis exists, a special master may consider a myriad of factors, including "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa*, 138 Fed. Cl. at 289. This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Hum. Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

## II.    Discussion

### A.  Undue Financial Hardship

The Federal Circuit has noted that interim fees "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352 (Fed. Cir. 2008). Petitioner's counsel has worked on this case since 2020 and has not yet been awarded interim fees and costs. Counsel filed an affidavit, medical records, expert reports, and medical literature. Counsel also briefed the motion for ruling on the record. I find that Petitioner would suffer undue hardship without an award of interim fees and costs.

### B.  Good Faith and Reasonable Basis

Respondent has not raised any specific objection to Petitioner's good faith or reasonable basis for this claim, and he leaves the determination to my discretion. Fees Resp. at 4. I find that the petition was filed in good faith.

As discussed above, the threshold for reasonable basis is much lower than the burden to prove entitlement to compensation, which requires preponderant evidence. Based on the materials filed by Petitioner thus far, I find that he has maintained a reasonable basis for his claim.

As there is no other reason to deny an award of interim attorneys' fees and costs, I will award interim fees and costs as described below.

4

## C. Attorneys' Fees

Petitioner requests a total of $104,876.00 in attorneys' fees for Green & Schafle, LLC ("Green & Schafle"). Fees App. at 3; Fees App., Ex A at 25. Petitioner bears the burden of establishing that the rates charged, hours expended, and costs incurred are reasonable. *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1993).

### 1. Reasonable Hourly Rate

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sep. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests compensation for his counsel, Mr. David Carney, at the following rates: $350.00 per hour for work performed in 2020; $375.00 per hour for work performed in 2021; $400.00 per hour for work performed in 2022; $425.00 per hour for work performed in 2023; $450.00 per hour for work performed in 2024; and $475.00 per hour for work performed in 2025. Fees App. at 2, Fees App., Ex. A at 24. Mr. Carney also requests compensation for work performed by a law clerk in 2023 at a rate of $165.00 per hour and for paralegal work at the following rates: $145.00 per hour for work performed from 2019 to 2022; and $175.00 per hour for work performed from 2023 to 2024.[4] Fees App. at 3, Fees App., Ex. A at 25.

The requested rates for Mr. Carney and his staff are consistent with what Green & Schafle has previously been awarded and are in accordance with the Office of Special Masters' Fee Schedule. *See Gaydos v. Sec'y of Health & Hum. Servs.*, No. 20-1629V, 2025 WL 1453788, at *3 (Fed. Cl. Spec. Mstr. Apr 15, 2025) (awarding Mr. Carney's requested rates for work performed in 2020-2025, paralegal rates for work performed in 2019-2024, and work performed by the same law clerk in 2023); *Robinson v. Sec'y of Health & Hum. Servs.*, No. 21-32V, 2025 WL 3079218, at *2 (Fed. Cl. Spec. Mstr. Oct. 7, 2025) (awarding Mr. Carney's requested rates for work performed in 2020-2025 and paralegal work performed in 2020-2024); *Grant v. Sec'y*

---

[3] The Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule for 2015 through 2026 can be accessed at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules.

[4] Although Petitioner also requested hourly rates for Mr. Adam M. Green, Mr. Green did not bill any time for this matter, so his hourly rates will not be analyzed. Fees App. at 2-3; Fees App., Ex. A at 24-25.

*of Health & Hum. Servs.*, No. 20-1262V, 2024 WL 3176349, at \*2 (Fed. Cl. Spec. Mstr. May 28, 2024) (awarding Mr. Carney's requested rates for work performed in 2020-2024 and paralegal work performed in 2019-2023); *Mickles v. Sec'y of Health & Hum. Servs.*, No. 24-1328V, 2025 WL 3817984, at \*2 (Fed. Cl. Spec. Mstr. Dec. 9, 2025) (awarding Mr. Carney's requested rates for work performed in 2022-2025 and paralegal work performed in 2020-2024).  Accordingly, I find the requested rates are reasonable and that no adjustment is warranted.

### 2.  Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348.  Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993).  In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged.  *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours).  Further, special masters may reduce awards *sua sponte*, independent of enumerated objections from the respondent.  *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 318 (Fed. Cl. 2008), *aff'd*, No. 99-573V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).  Special masters may look to their experience and judgment to reduce an award of fees and costs to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993).  It is within a special master's discretion to make a global reduction to the total amount of fees requested. *See Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("special masters have wide latitude in determining the reasonableness of both attorneys' fees and costs"); *Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153 (Fed. Cl. Spec. Mstr. July 25, 2011), *mot. for rev. denied*, 2011 WL 6292218, at \*13 (Fed. Cl. 2011) (denying review of the special master's decision and endorsing "a global – rather than line-by-line – approach to determine the reasonable number of hours expended in this case").

While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Hum. Servs.*, No. 08–243V, 2015 WL 2399211, at \*9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015).  Clerical and secretarial tasks should not be billed at all, regardless of who performs them.  *See, e.g.*, *McCulloch*, 2015 WL 5634323, at \*26.  It is well-established that billing for administrative and clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989).

Here, a reduction is necessary for time billed for administrative and clerical tasks, as well as for block billing, where non-compensable administrative tasks were indistinguishably billed

6

together with compensable tasks.  *See* Fees App., Ex. A.  Examples include (but are not limited to):

- August 7, 2020: 0.5 hours billed by Mr. Carney to "*[review] Order on subpoena*; [prepare] subpoena and accompanying Document List; [serve] on employer entity";

- April 9, 2021: 0.10 hours billed by Mr. Carney to "*[Review] notice of reassignment; [mark] file*"; and

- January 15, 2022: 1.20 hours billed by Mr. Carney to "[receive] and [audit] Respondent expert report from Dr. Callaghan and literature articles; *[save] to files*[.]"

*Id.* (emphases added).  Mr. Carney has previously been warned that attorneys' fees for clerical and administrative tasks are not reimbursable in the Program, and he has had his requested attorneys' fees reduced accordingly.  *See Robinson,* 2025 WL 3079218, at *2 (reducing fees by 2% for billing for administrative tasks); *LaBine v. Sec'y of Health & Hum. Servs.*, No. 17-1443V, 2025 WL 2093352, at *4 (Fed. Cl. Spec. Mstr. June 20, 2025) (reducing fees by 10% for billing for administrative tasks).

The time spent on certain aspects of this case is also excessive and warrants a further reduction in Mr. Carney's fees.  Most notably, Mr. Carney billed 45.3 hours for a 67-page motion for ruling on the record and 32.0 hours for a 37-page reply brief, totaling 77.3 hours.  *See* Fees App., Ex. A at 21-24; ECF Nos. 54, 56.  The excess time billed for briefing is evident, given that substantial portions of the motion for ruling on the record are nearly identical to filings by this firm in other cases, including those on my docket.  While I do not fault counsel for reusing relevant language in filings, it is not appropriate to bill fully for such work when it is not novel (or only requires minor updating).  This issue has been raised with the attorneys of Green & Schafle and has resulted in reasonable reductions to time billed for briefing.  *See Granet v. Sec'y of Health & Hum. Servs.*, No. 23-0491V, 2026 WL 508194, at *2-3 (Fed. Cl. Spec. Mstr. Jan. 23, 2026) (reducing time spent on briefing due to excessiveness); *Defosses v. Sec'y of Health & Hum. Servs.*, No. 22-0265V, 2025 WL 2794667, at *2-3 (Fed. Cl. Spec. Mstr. Aug. 29, 2025) (reducing time spent on briefing due to excessiveness); *LaBine*, 2025 WL 2093352, at *4 (reducing time spent on post-hearing briefing due to excessiveness); *Schauffler v. Sec'y of Health & Hum. Servs.*, No. 21-0033V, 2024 WL 5375810, at *2 (Fed. Cl. Spec. Mstr. Dec. 30, 2024); *Olson v. Sec'y of Health & Hum. Servs.*, No. 21-0408V, 2024 WL 2874627, at *2-3 (Fed. Cl. Spec. Mstr. May 6, 2024); *Voeller v. Sec'y of Health & Hum. Servs.*, No. 20-1526V, 2024 WL 1956886, at *2-3 (Fed. Cl. Spec. Mstr. Apr. 1, 2024).

Instead of imposing a reduction for each issue respectively, recent cases have found a reduction of 10% of the total fees requested to be a reasonable approach for simultaneously addressing the issues of billing for administrative tasks and excessive billing for briefing.  *See Mickles*, 2025 WL 3817984, at *3-4 (reducing fees by 10% to address administrative billing and excessive billing practices); *Mitchell v. Sec'y of Health & Hum. Servs.*, No. 19-1534V, 2025 WL 3688945, at *3 (Fed. Cl. Spec. Mstr. Sep. 25, 2025) (reducing fees by 10% to address billing for

administrative tasks and excessive billing for briefing, including 73.9 hours for drafting a motion for a ruling on the record and reply brief); *Ray v. Sec'y of Health & Hum. Servs.*, No. 20-321V, 2025 WL 2780387, at *3-4 (Fed. Cl. Spec. Mstr. Sep. 5, 2025) (reducing fees by 10% to administrative billing and excessive billing for briefing, including 49.7 hours for a 63-page motion for ruling on the record and 34.4 hours for a 24-page reply).  Because the tasks at issue were performed over five years by Mr. Carney, billed at different hourly rates, and included administrative tasks, block billing, and excessive briefing, I will apply a flat 10% deduction from the requested attorneys' fees.

Accordingly, Petitioner is awarded attorneys' fees in the amount of **$94,388.40.**[5]

**D.  Reasonable Costs**

Petitioner requests a total of $15,593.39 for attorneys' costs, consisting of $1,187.60 for medical records; $1.71 for postage; $4.08 for other mailing services; $400.00 for the petition filing fee; $750.00 for nurse consulting to support expert reports; and $13,250.00 for Dr. Willer's expert costs.  Fees App. at 3; Fees App., Ex. B.

Petitioner provided documentation for costs relating to obtaining medical records and the petition filing fee incurred by Mr. Carney.  Fees App., Ex. B at 3-11.  I find the costs for these items to be reasonable and award them in full.  Petitioner did not provide documentation for the postage and costs relating to other mailing services; however, because these costs are normal business expenses and are not unreasonable, I award them in full.  I will discuss the costs associated with Petitioner's experts below.

1.  Petitioner's Expert Costs for Justin Willer, M.D.

Petitioner requests $13,250.00 for the expert reports and retainer of Dr. Willer.  Fees App., Ex. B at 1-2.  Dr. Willer billed 26.5 hours at an hourly rate of $500.00 for work performed in 2021-2022.  Fees App., Ex. B at 13-15.  The retainer and hourly rate requested for Dr. Willer are consistent with what have previously been awarded, and the time requested by Dr. Willer is reasonable.  *See Kotch v. Sec'y of Health & Hum. Servs.*, No. 19-675V, 2025 WL 1693555, at *3 (Fed. Cl. Spec. Mstr. May 20, 2025); *Pahos v. Sec'y of Health & Hum. Servs.*, No. 17-1455V, 2023 WL 6620336, at *5 (Fed. Cl. Spec. Mstr. May 5, 2023); *Martinez v. Sec'y of Health & Hum. Servs.*, No. 16-738V, 2022 WL 1210556, at *5-6 (Fed. Cl. Spec. Mstr. Mar. 29, 2022).

2.  Petitioner's Expert Costs for LEM Nurse Consulting

Petitioner requests $750.00 for nursing consulting services rendered by Laura E. McBryan. Fees App., Ex. B at 12.  McBryan billed 20 hours at an hourly rate of $50.00 for medical record review.  *Id.*  Petitioner has provided adequate documentation supporting the requested costs, and all appear reasonable.  Petitioner will be awarded $750.00 for Ms. McBryan's work.

---

[5] This total reflects Petitioner's $104,876.00 request for attorneys' fees for Mr. Carney and Green & Schafle minus the 10% deduction for administrative tasks, block billing, and excessive briefing ($104,876.00 - ($104,876.00 x 0.10) = $94,388.40).

I award Petitioner a total of **$15,593.39** in attorneys' costs.[6]

### III.    Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of awards of interim attorneys' fees and costs, and based on the foregoing, I **GRANT IN PART** Petitioner's application.  Petitioner is awarded interim attorneys' fees and costs in the total amount of **$109,981.79** as follows:

- A lump sum in the amount of **$109,981.79**, representing reimbursement of Petitioner's interim attorneys' fees and costs,[7] to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[8]

**IT IS SO ORDERED.**

<u>**s/ Jennifer A. Shah**</u>
Jennifer A. Shah
Special Master

---

[6] Petitioner is awarded $1,187.60 for medical records; $1.71 for postage; $4.08 for other mailing services; $400.00 for the petition filing fee; $750.00 for nurse consulting to support expert reports; and $13,250.00 for Dr. Willer's expert costs.

[7] $94,388.40 in attorneys' fees and $15,593.39 in costs; totaling $109,981.79.

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.